LAW OFFICES OF VLADIMIR P. DEVENS LLC

| | | |
|---|---|---|
| VLADIMIR DEVENS | (4504) | |
| KURT KAGAWA | (9114) | |
| KEANI ALAPA | (9541) | |

707 Richards Street, PH-1
Honolulu, Hawaii 96813
Tel. No. (808) 528-5003
Fax No. (808) 254-6872

**Electronically Filed
FIRST CIRCUIT
1CCV-20-0000488
27-MAR-2020
12:46 PM**

Attorneys for Plaintiff
HERBERT HARA

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| HERBERT HARA,<br><br>               Plaintiff,<br><br>  vs.<br><br>WAL-MART STORES, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE ENTITIES 1-10,<br><br>               Defendants. | CIVIL NO. _____<br>(Other Non-Vehicle Tort)<br><br>COMPLAINT |

COMPLAINT

Herbert Hara, by and through his counsel, the Law Offices of Vladimir P. Devens, LLC, and for his Complaint, alleges and avers as follows:

1. Plaintiff Herbert Hara ("**Mr. Hara**"), at all times pertinent herein, was a resident of the City and County of Honolulu, State of Hawaii.

2. Upon information and belief, Defendant Wal-Mart Stores, Inc. ("**Wal-Mart**"), at all times pertinent herein, was a foreign profit corporation, doing business in and

**EXHIBIT A**

under the laws of the State of Hawaii.

   3. At all relevant times herein, Defendant Wal-Mart owned, operated, maintained, managed and/or controlled the subject premises located at 700 Ke'eaumoku Street, Honolulu, Hawaii 96814.

   4. The incident described herein occurred within the City and County of Hawaii, State of Hawaii.

   5. Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, and Doe Entities 1-10, are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff, except that they are connected in some manner with the named Defendant and/or the subject property, and are agents, servants, employees, employers, representatives, co-ventures, associates, vendors, suppliers, manufacturers, sub-contractors or contractors of the named Defendant, and/or owned, leased, controlled, rented and/or managed the subject property, and/or are in some manner responsible for the injuries and damages to Plaintiff, and/or manufactured, and/or designed, and/or placed on the market, a product which was defective which defect was the proximate cause of the injuries and damages to Plaintiff, and/or in some other manner are related to the named Defendant and that their true names, identities, capacities, activities and/or responsibilities are presently unknown to the Plaintiff or his attorneys. Plaintiff has conducted extensive research to determine the identity of these unknown parties, including but not limited to searches of court records, State of Hawaii's Department of Commerce and Consumer Affairs ("DCCA") records, City and County of Honolulu Department of Budget and Fiscal Services Real Property Assessment Division records, requests to Defendant Wal-Mart and its claims handler requesting

the name(s) of any other person or party that may have caused or contributed to this incident, and on the internet in a diligent and good faith effort to ascertain the names and identity of these parties. Plaintiff herein prays leave to amend his Complaint to allege the true names, identities, capacities, activities and/or responsibilities of the Defendants set forth in this paragraph when the same are ascertained.

6. On or about April 9, 2018, Mr. Hara entered Wal-Mart Ke'eaumoku to do his shopping.

7. While using due care and caution, Mr. Hara was walking toward the registers at the front of the store to pay for his items when he suddenly slipped and fell in a puddle of liquid on the floor.

8. As a result of the slip and fall, Mr. Hara has suffered and continues to suffer injuries and damages, including but not limited to a fractured hip which required surgery, extreme pain and suffering, mental anguish, emotional and mental distress relating to his injuries, loss of enjoyment of life, and special damages for medical care and lost wages in amounts to be proven at the time of trial.

9. The above-described incident was caused by the negligence of Defendants Wal-Mart, and/or one or more Doe Defendants.

10. Mr. Hara was injured as a direct and proximate result of Defendants' negligence.

11. Defendant Wal-Mart and/or one or more Doe Defendants had a duty and responsibility to inspect their property for defects and potential hazards.

12. Defendant Wal-Mart and/or one or more Doe Defendants had a duty and responsibility to maintain their property and keep it free and clear of defects and potential hazardous conditions.

13. Defendant Wal-Mart and/or one or more Doe Defendants had a duty and responsibility to maintain their property and keep it free of liquid spills.

14. Defendant Wal-Mart and/or one or more Doe Defendants had a duty and responsibility to warn its patrons, public invitees and/or the general public coming on to the property of defects and potential hazardous conditions on their property.

15. Defendant Wal-Mart and/or one or more Doe Defendants had a duty and responsibility to guard its patrons, public invitees and/or the general public coming on to the property against defects and potential hazardous conditions on their property.

16. Defendant Wal-Mart and/or one or more Doe Defendants had a duty and responsibility to repair any defects and potential hazardous conditions on their property in a timely manner.

17. Defendant Wal-Mart and/or one or more Doe Defendants had a duty and responsibility to protect its patrons, public invitees and/or the general public from the dangers and hazards of any defects and potential hazardous conditions on their property that could cause them harm.

18. The area where Mr. Hara slipped and fell had puddled liquid.

19. The puddle of liquid was a defect and hazardous condition.

20. Defendant Wal-Mart and/or one or more Doe Defendants should have been aware of the existence of the subject puddle of liquid before the subject incident occurred.

21. Defendants Wal-Mart and/or one or more Doe Defendants were aware of the existence of the subject puddle of liquid before the subject incident occurred.

22. The puddle of liquid that Mr. Hara slipped in could have been cleaned up before the subject incident occurred.

23. The puddle of liquid that Mr. Hara slipped in should have been cleaned up before the subject incident occurred.

24. Defendant Wal-Mart and/or one or more Doe Defendants failed to conduct reasonable and timely inspections of the area where Mr. Hara slipped and fell before the subject incident occurred.

25. If Defendant Wal-Mart and/or one or more Doe Defendants had conducted reasonable and timely inspections of the area where Mr. Hara slipped and fell, they would have discovered the puddle of liquid before the subject incident occurred.

26. Defendant Wal-Mart and/or one or more Doe Defendants failed to maintain their property and keep it free and clear of defects and hazardous and/or dangerous conditions before Mr. Hara slipped and fell.

27. Defendant Wal-Mart and/or one or more Doe Defendants failed to keep their property free and clear of the puddle of liquid in the area where Mr. Hara slipped and fell.

28. Defendant Wal-Mart and/or one or more Doe Defendants failed to maintain the area where Mr. Hara slipped and fell in a safe condition before the subject incident occurred.

29. Defendant Wal-Mart and/or one or more Doe Defendants failed to clean up the puddle of liquid in the area where Mr. Hara slipped and fell before the subject incident occurred.

30. The puddle of liquid that was on the floor before the subject incident occurred should not have been there.

31. Defendant Wal-Mart and/or one or more Doe Defendants are at fault for failing to clean up the puddle of liquid in the area where Mr. Hara slipped and fell before the subject incident occurred.

32. Defendant Wal-Mart and/or one or more Doe Defendants failed to adequately warn Mr. Hara of the puddle of liquid that he slipped and fell in.

33. Defendant Wal-Mart and/or one or more Doe Defendants failed to guard Mr. Hara against being injured by slipping and falling in the puddle of liquid that was on the floor before the subject incident occurred.

34. Defendant Wal-Mart and/or one or more Doe Defendants failed to protect Mr. Hara against being injured by slipping and falling in the puddle of liquid before the subject incident occurred.

WHEREFORE, Plaintiff herein demands judgment against Defendants, jointly and severally, as follows:

A. General and special damages in an amount to be proven at the time of trial;

B. Attorneys' fees, costs of suit and both pre-judgment and post-judgment interest; and

   C. Such other and further relief as the Court deems just and proper under the circumstances.

   DATED: Honolulu, Hawaii, <u>March 27, 2020.</u>

         <u>/s/ Kurt Kagawa</u>
         VLADIMIR DEVENS
         KURT KAGAWA
         KEANI ALAPA

         Attorneys for Plaintiff HERBERT HARA